# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARY M.,**[1] | Case No. 3:17-cv-00026-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | |
| Defendant. | |

Bruce W. Brewer, P.O. Box 421, West Linn, OR 97068. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Mary M. ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

application for Supplemental Social Security Income ("SSI") under Title XVI of the Social

Security Act. The Commissioner agrees that the Administrative Law Judge ("ALJ") erred and

thus that the case should be remanded. The parties disagree, however, on the terms of the

remand. For the following reasons, the Court agrees with the Commissioner regarding how this

case should be remanded for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec.*

*Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th

Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193,

1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may

not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495

F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th

Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554

F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born in 1964, and was 47 years old as of the alleged disability onset date. AR 34. Plaintiff had a limited education and no past relevant work. AR 34. The Commissioner denied Plaintiff's prior applications for disability, and Plaintiff did not appeal those denials. AR 23. Plaintiff filed the instant application for disability on March 8, 2012. The ALJ denied Plaintiff's application on May 27, 2015. AR 20-35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 6-9. Plaintiff seeks judicial review of the ALJ's decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since March 8, 2012, the application date. AR 25. At step two, the

ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease of the

hips; degenerative joint disease of the right shoulder; status-post right SLAP repair and biceps

tenotomy; degenerative disc disease; and, depression[.]" AR 25. At step three, the ALJ found

that Plaintiff did not have an impairment or combination of impairments that met or medically

equaled one of the impairments listed in the regulations. AR 26.

The ALJ then determined that Plaintiff retained the RFC to perform light work with the

following limitations:

> She has an eighth grade education. She can lift/carry 20 pounds
> occasionally, and lift/carry 10 pounds frequently. She can
> stand/walk for two hours in an eight-hour workday. She can sit for
> eight hours in an eight-hour workday. After each work hour, she
> would need to stand for approximately 5-10 minutes while
> remaining at her workstation, and then return to sitting. She can
> occasionally climb ramps/stairs. She cannot climb
> ladders/ropes/scaffolds. She can occasionally balance, stoop, knee,
> crouch, and crawl. She can perform occasional overhead reaching

with her non-dominant right upper extremity. She requires the use
of an assistive device for walking. She should avoid exposure to
hazards, such as unprotected heights and dangerous machinery.
She is able to remember, understand and carryout tasks or
instructions that are consistent with SVP 1 or 2 occupations.

AR 28. At step four, the ALJ found that Plaintiff had no past relevant work. AR 34. At step five,

the ALJ identified two jobs in the national economy that Plaintiff could perform based on her

age, education, work experience, and RFC. The two jobs the ALJ identified that Plaintiff would

be able to perform were Parking Lot Cashier (DOT 211.462-10) and Laundry Folder (DOT

369.687-18). AR 35. The ALJ concluded that Plaintiff was not disabled. AR 35.

## DISCUSSION

The primary issue before this Court is whether this case should be remanded for further

proceedings or for an award of benefits for the period after Plaintiff turned age 50, and further

proceedings for the time period before Plaintiff turned age 50. Plaintiff asserts that there should

be an award of benefits as of Plaintiff's 50th birthday based on the premise that it is clear from

the record evidence that Plaintiff's exertional limitations places her in the sedentary

"Grid" category, despite the ALJ's determination that Plaintiff retained the RFC to perform light

work. Plaintiff asserts that under the sedentary Grid, she would be entitled to a finding of

disability as of her 50th birthday. Because this Court disagrees with the premise that the ALJ

erred in determining that Plaintiff retained the RFC to perform light work, this Court does not

order an award of benefits and instead only remands for further proceedings.

## A. The Grids

Plaintiff contends that the ALJ erred in determining that Plaintiff retained the RFC to

perform light work. Plaintiff asserts that under the "sedentary" category of the Medical-

Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly

referred to as "the Grids") she is entitled to a finding of disability as of her 50th birthday. In

PAGE 6 – OPINION AND ORDER

order to use the Grids, "the individual's residual functional capacity . . . must first be

determined." *Id.* "The Grids were designed to relieve the Commissioner of the need to rely on a

vocational expert in every case to establish the number of jobs available to a person with the

claimant's physical ability, age, education, and work experience." *Barnes v. Berryhill*, 895 F.3d

702, 705 (9th Cir. 2018).

> The Grids are organized into three tables corresponding to
> sedentary, light, and medium work. Each table has five columns.
> The first column contains a rule number, and the second through
> the fourth delineate the claimant's age, education, and work
> experience (for example, unskilled, none, skilled, semi-skilled, and
> "skills transferable" or "skills not transferable"). The fifth column
> renders a conclusion of either "disabled" or "not disabled."

*Id.* at 705-06. When a plaintiff falls between two categories within the Grids, the ALJ may

consult a VE. SSR 83-12, *available at* 1983 WL 31253, at *2 (Jan. 1, 1983); *Moore v. Apfel*, 216

F.3d 864, 870 (9th Cir. 2000). When a single category within the Grids does not adequately take

into account a plaintiff's abilities and limitations, the ALJ should consult a vocational expert

("VE") and only use the Grids as a framework. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir.

2002).

Plaintiff argues that she should be evaluated using the sedentary grid because of the

ALJ's finding that plaintiff cannot stand more than two hours per workday, while "light work"

(and thus the light grid) requires the worker to stand approximately six hours per workday. The

DOT definition of light work is as follows:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds.
> Even though the weight lifted may be very little, a job is in this
> category when it requires a good deal of walking or standing, or
> when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls. To be considered capable of
> performing a full or wide range of light work, you must have the
> ability to do substantially all of these activities. If someone can do
> light work, we determine that he or she can also do sedentary

> work, unless there are additional limiting factors such as loss of
> fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b). Plaintiff's argument is based on the fact that "a full or wide range of

light work" "requires a good deal of walking or standing." 20 C.F.R. § 416.967(b). Plaintiff

argues, and the Commissioner does not contest, that Plaintiff could not perform a job that

requires "a good deal of walking or standing" given her RFC limitations.

Although Plaintiff is correct that she could not perform all jobs within the "light"

category, she could potentially perform some. *See* SSR 83-10, *available at* 1983 WL 31251, at

*5 (Jan. 1, 1983) ("A job is also in [the light] category when it involves sitting most of the time

but with some pushing and pulling of arm-hand or leg-foot controls."). Further, Plaintiff's

limitations require that she stand for approximately five to ten minutes after each hour of sitting.

AR 28. Because the Grids do not account for a limitation in which the individual must alternate

periods of sitting and standing, and because the record is not clear as to whether Plaintiff had the

ability to sit most of the time "with some pushing and pulling of arm or leg controls," it is not

clear whether the "light exertion" category or the "sedentary exertion" category completely

describes Plaintiff's abilities and limitations. Thus, in accordance with the step five framework,

the ALJ called a VE to determine whether Plaintiff could perform any jobs in the national

economy based on Plaintiff's age, education, work experience, and RFC. *See* SSR 83-12,

*available at* 1983 WL 31253, at *4 (Jan. 1, 1983) ("In cases of unusual limitation of ability to sit

or stand, a VS should be consulted to clarify the implications for the occupational base.").

Therefore, because the Court finds that it is ambiguous as to whether there were jobs in the

national economy that the plaintiff could perform in the "light work" category, it agrees with the

Commissioner that a remand for further proceedings, rather than for an award of benefits, is

appropriate.

**B. VE Testimony**

Plaintiff further argues that the ALJ erred by relying on unexplained VE testimony that was inconsistent with the Dictionary of Occupational Titles ("DOT") and thus a remand is appropriate. The Commissioner agrees.

If the hypothetical posed to the VE does not reflect all of the claimant's properly supported limitations, the VE's opinion lacks evidentiary value. *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The limitations in a VE hypothetical must be supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217-18. If the ALJ calls a VE, the ALJ has an affirmative duty to determine whether the VE's testimony diverges from the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict" before relying on vocational expert testimony. Social Security Ruling (SSR) 00-4p, *available at* 2000 WL 1898704.

Plaintiff argues that the ALJ erred in failing to elicit an explanation of the conflict between the VE's testimony and the DOT. The VE stated that Plaintiff could perform light, unskilled occupations such as a Parking Lot Cashier (DOT 211.462-010) and Laundry Folder (DOT 369.687-018). AR 35. The ALJ found that Plaintiff has an RFC limitation of walking or standing for two hours in an eight-hour workday. AR 28. Plaintiff therefore argues there is a conflict as the VE testified that Plaintiff could perform two jobs that, because of their "light" categorization, could require "a good deal of walking or standing" even though the Plaintiff has an RFC limitation of walking or standing for no more than two hours a day.

The Commissioner concedes that the ALJ erred because the ALJ did not elicit an explanation of the apparent conflict. The Commissioner notes that some light occupations may permit sitting most of the time but with some pushing and pulling of arm or leg controls. *See* 20

PAGE 9 – OPINION AND ORDER

C.F.R. § 416.967(b); *see also* SSR 83-10. The Commissioner therefore argues that a remand is appropriate to resolve the conflict with the DOT regarding whether there are representative jobs in the national economy that Plaintiff could perform. The Commissioner further noted potential additional error beyond that raised by Plaintiff: that the jobs the ALJ identified require frequent reaching, but that Plaintiff was limited to occasional overhead reaching on the right.[2] The Commissioner therefore also recommends remanding for additional VE testimony to inquire about any other conflicts with the DOT.

The Court agrees that remand is necessary, although the Court notes that "[r]elatively few unskilled light jobs are performed in a seated position." SSR 83-10, *available at* 1983 WL 31251, at 4 (1983). Additional VE testimony is needed given that it is not clear from the record whether "a person with claimant's profile could perform substantial gainful work in the economy" because the previous VE testimony did not consider the apparent conflict with the DOT regarding the two-hour limitation of standing and walking, nor is the record clear as to whether those and Plaintiff's other limitations were work-preclusive. *Thomas v. Barnhart*, 278 F.3d 948, 960 (9th Cir. 2002).

## C. Dr. Everson's Testimony

Finally, Plaintiff argues that the ALJ erred in rejecting Dr. Everson's medical opinion. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d

---

[2] The Court notes that in some instances, a limitation referring to "overhead reaching" may not be an apparent or obvious conflict with "reaching" and thus an ALJ may not need to ask a vocational expert about the discrepancy. *Gutierrez v. Colvin*, 844 F.3d 804, 808-09, 809 n.2 (9th Cir. 2016).

995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison¸* 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In

other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Plaintiff argues that the ALJ did not have "specific and legitimate" reasons for rejecting Dr. Everson's testimony. *Carmickle*, 533 F.3d at 1164. The Court disagrees. The ALJ gave little weight to treating physician Dr. Everson for the four following reasons: (1) Dr. Everson failed to consider Plaintiff's potential to work if Plaintiff had followed up with treatment appointments and medical advice; (2) Dr. Everson's testimony was inconsistent with Plaintiff's daily activities; (3) Dr. Everson's opinion appeared to be based on Plaintiff's subjective symptom testimony; (4) Dr. Everson's testimony was inconsistent with medical imaging of Plaintiff's back and hip; and (5) Dr. Everson's opinion was inconsistent with the record as a whole.

The ALJ's rationale was legally sufficient. The ALJ did not merely state legal conclusions, but instead specifically found that Dr. Everson's testimony that Plaintiff cannot maintain one position for more than several minutes was contradicted by Plaintiff's reports that she does yard work, gardens, performs household chores, and drives a car. AR 32. The ALJ also noted the specific aspects of Plaintiff's medical record, namely the medical imaging of Plaintiff's back and hip, that were not consistent with the opinion of Dr. Everson. AR 32. The ALJ provided specific, legitimate reasons to discount Dr. Everson's opinion.

**D. Remand for Further Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits, depending on the likely utility of such proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). A district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record free from conflicts and ambiguities, and further proceedings would serve any useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

In this case, the record has not been fully developed, there are ambiguities left to resolve, and there is a useful purpose that would be served by further administrative proceedings. The ALJ should address the unresolved conflicts between the DOT and the VE testimony regarding

PAGE 13 – OPINION AND ORDER

the two-hour limitation of standing and walking and Plaintiff's other limitations, and whether

there are other representative jobs in the national economy that Plaintiff could perform.

## CONCLUSION

The ALJ's decision that Plaintiff was not disabled is REVERSED AND REMANDED

for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge